# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re*:* R.H.**

**No. 14-0517** (Roane County 13-JA-04)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christen M. Justice, appeals the May 7, 2014, order of the Circuit Court of Roane County that terminated her parental rights to ten-year-old R.H. The child's guardian ad litem, Anita Harold Ashley, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred when it (1) allowed the DHHR to file an amended abuse and neglect petition after the adjudicatory hearing, (2) found that petitioner abused and/or neglected the subject child, (3) denied petitioner's motion for a post-adjudicatory improvement period, and (4) terminated petitioner's parental rights to the subject child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed an abuse and neglect petition against petitioner, the child's unknown father, and the child's maternal grandparents. The petition alleged that petitioner abused the child by allowing him to live in the maternal grandparents' home, where the child was abused and neglected by his grandparents, and neglected the child by refusing to supply him with the necessary food, clothing, shelter, supervision, medical care, and education while petitioner lived in Florida. The petition stated that the child disclosed to school officials that on April 18, 2013, his grandfather beat him approximately thirty times on his back, arm, face, and chest, leaving severe bruises, after the grandfather accused the child of lying about brushing his teeth. The petition also alleged that the child reported that (1) a regular form of punishment at his grandparents' home was to sit in one spot of the living room for the entire day, with breaks only to use the bathroom and to eat one sandwich; (2) the grandfather called the child a "lying bastard" and a "f----ing bastard; (3) the child is permitted to eat only one meal a day at the grandparents' home; (4) the child is fearful of his grandfather; and (5) the grandfather once threw the child so high up into the air that the child's hands hit the ceiling and wall. All parties waived their rights to a preliminary hearing.

At the conclusion of the adjudicatory hearing in May of 2013, the circuit court found that the child had been living with his maternal grandparents for almost two years and that there was evidence that sustained findings of abuse and neglect against the grandparents, but not against

1

petitioner. Following these findings, the circuit court granted petitioner's attorney's motion for a home study. The DHHR subsequently conducted a multidisciplinary treatment ("MDT") meeting with the grandparents.

At a hearing in August of 2013, the DHHR moved to amend the underlying abuse and neglect petition, in light of new information from the MDT meeting that supported new allegations of abandonment against petitioner. The DHHR stated that the amended petition would allege that ongoing abuse and neglect proceedings against petitioner in Florida alleged abandonment. The DHHR also stated that since the DHHR filed the original petition in the instant case, petitioner had not made any efforts to appear at the hearings or maintain contact with her attorney, the DHHR, or the child. The DHHR alleged that this behavior demonstrated petitioner's abandonment of the case and the child. After none of the parties objected to the DHHR filing an amended petition based on these new allegations, the circuit court granted the DHHR's motion. Subsequently, the DHHR filed its amended abuse and neglect petition containing allegations of abandonment.

Following the filing of the DHHR's amended petition, the circuit court heard testimony from the family's Child Protective Services ("CPS") worker and the child's maternal grandmother. Petitioner did not appear at the hearing, but was represented by counsel. The CPS worker testified that she and petitioner had only spoken once and that petitioner had not attempted to visit the child or provide any financial support during the proceedings. The child's maternal grandmother testified that petitioner "told a lot of lies" and that petitioner had a pending abuse and neglect case in Florida that contained allegations of abandonment against her. Based on this evidence, the circuit court found clear and convincing evidence that petitioner abandoned the case and subject child. Petitioner thereafter moved for a post-adjudicatory improvement period.

In November of 2013, petitioner appeared for a hearing thereon. Petitioner testified that although she knew of her father's history with child abuse through her personal experience with him, she did not have reservations about sending her child to West Virginia to live with him. Petitioner further testified that she questioned the validity of her parents' testimony concerning her lack of contact with the child and the testimony that petitioner had knowledge of hearings scheduled in the matter. The circuit court denied petitioner's motion for a post-adjudicatory improvement period based on findings that petitioner failed to regularly appear in the case, failed to visit or retrieve her child despite knowledge of the maternal grandfather's abuse, failed to accept responsibility of her failures to act, and failed to provide any sufficient reasons as to why she failed to check on the child in nearly six months or see the child in nearly two years.

At the dispositional hearing in February of 2014, petitioner did not appear, and the CPS worker testified that petitioner attended only one hearing in the case and inadequately communicated with her attorney. Following the dispositional hearing, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. The circuit court terminated petitioner's parental rights by an order entered in May of 2014. Petitioner now appeals.

2

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error by the circuit court granting the DHHR's motion to file an amended petition. We have often stated that "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury,* 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). The record clearly shows that none of the parties objected to the DHHR's motion to file an amended petition based on new allegations of petitioner's abandonment of the child. Even if we were to review the merits of petitioner's argument, however, we would find no error. Rule 19(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect states as follows:

> If new allegations arise after the final adjudicatory hearing, the allegations should be included in an amended petition rather than in a separate petition in a new civil action, and the final adjudicatory hearing shall be re-opened for the purpose of hearing evidence on the new allegations in the amended petition.

The record reveals that the amended petition contained new allegations concerning petitioner's abandonment of the child based on information learned after the first adjudicatory hearing. Accordingly, the circuit court properly heard further evidence on these allegations in the same underlying abuse and neglect proceeding.

We also find no error by the circuit court in finding that petitioner's abandonment of the child constituted abuse and neglect. We have recognized the following:

> "A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality abandonment, or other dereliction of duty . . ., the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts."

Syl., in part, *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969). The record is clear that petitioner did not maintain contact with the family's CPS worker, her attorney, or her child, and only appeared at one hearing, despite knowledge and notice of the ongoing proceedings. Petitioner's testimony at the one hearing she attended also shows that she had no knowledge of what grade her child was in or how he was progressing in school.

The Court further finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period. Under West Virginia Code § 49-6-12(b), a circuit court has the discretion to grant a subject parent a post-adjudicatory improvement period if the parent demonstrates by clear and convincing evidence that he or she would fully participate in an improvement period. We have further recognized that an improvement period is futile if the subject parent has failed to acknowledge the existence of the problem. *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996). We have held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,* 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). The record demonstrates that petitioner disagreed with prior testimony and evidence that she had knowledge of the ongoing proceedings and that she failed to maintain a presence in her child's life. Further, our review of the transcripts shows that petitioner was reluctant to acknowledge the abuse and neglect allegations pertaining to her father, despite knowledge of his history with physical abuse.

Lastly, we find no error in the circuit court terminating petitioner's parental rights. Under West Virginia Code § 49-6-5(b)(4), a parent's abandonment of a child constitutes a circumstance in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The previously discussed evidence supports the circuit court's termination of petitioner's parental rights based on its findings that she abandoned the child and that termination was necessary for the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the May 7, 2014, order of the Circuit Court of Roane County terminating petitioner's parental rights to R.H.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II